United States District Court
Middle District of Florida
Jacksonville Division

CHRISTINA M. CREECH,

    *Plaintiff,*

v.                                          NO. 3:15-CV-826-J-PDB

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant.*

___

### Order Granting Plaintiff's Unopposed Petition for Attorney's Fees

The Court reversed the Commissioner of the Social Security Administration's denial of Christina Creech's application for disability-insurance and supplemental-security-income benefits and, under sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), remanded for further proceedings. Doc. 18. She now petitions, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for an award of $4344.81 in attorney's fees. Doc. 20. The Commissioner does not oppose the petition. Doc. 20 at 2.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested them, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is

judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, Jean, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. Scarborough v. Principi, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Creech prevailed because the Court ordered a sentence-four remand. Doc. 18 at 17–18. Her December 14, 2016, request, Doc. 20, was timely because she made it within 30 days of when the Court's September 29, 2016, judgment, Doc. 19, became final. She represents her net worth did not exceed $2 million when she filed this case, Doc. 20 at 2, and the Court accepts that representation. Her petition includes an allegation that the Commissioner's position was not substantially justified, Doc. 20 at 1–2, and the Commissioner has not attempted to satisfy her burden of showing otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Creech is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills,

experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation." *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

In addition to demonstrating the reasonableness of rates, a party requesting EAJA fees must show the reasonableness of the number of hours expended. *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson,* 863 F.2d 759, 779–80 (11th Cir. 1988).

Creech is represented by Chantal Harrington, Esquire. Creech requests $188.83 an hour for work Harrington performed in 2015 and $192.58 an hour for work performed in 2016 based on the maximum rate adjusted for cost-of-living increases, for a total of $4344.81. Doc. 20 at 2. Creech does not provide information on Harrington's skills, experience, or reputation, or evidence to establish the prevailing rate in Jacksonville. According to the Florida Bar website, Harrington has been admitted to practice law in Florida since 1989. *See Find a Lawyer*, The Florida Bar, https://floridabar.org (last visited December 20, 2016). It is known in the legal

community and reflected in her many appearances in social-security cases in this Court that she specializes in social-security work.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour. On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from 1996 to 2015 and 2016. *See* Doc. 20 at 2 n.2; U.S. Dep't of Labor, Bureau of Labor Statistics, www.bls.gov/data/inflation_calculator.htm (last visited December 29, 2016).

Harrington spent 2 hours in 2015 and 20.6 hours in 2016 on the case. Doc. 20 at 2; Doc. 20-1. She provides a breakdown of the tasks she performed, when she performed them, and how long she took to perform them. Doc. 20-1. Work included preparing the complaint, Doc. 1, preparing a 23-page memorandum that set forth a thorough summary of the administrative record and well-reasoned and successful arguments, Doc. 16, and preparing the EAJA petition, Doc. 20. None of the work appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 20-1. The number of hours is reasonable.

Using the number of hours and requested rates, attorney's fees of $4344.81 ($188.83 x 2 = $377.66; $192.58 x 20.6 = $3967.15; $377.66 + $3967.15 = $4344.81) are reasonable.

An EAJA award is to the party, not her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Creech is eligible and her requested attorney's fees and costs are reasonable, the Court grants her motion, Doc. 20, and awards her her requested attorney's fees and costs. The Court leaves to the Commissioner's discretion whether to accept Creech's assignment of EAJA fees to her attorney after determining if she owes a federal debt.

## Conclusion

Therefore, the Court:

1. **grants** Creech's EAJA request, Doc. 20;

2. **awards** Creech $4344.81 in attorney's fees; and

3. **directs** the clerk to enter judgment in favor of Creech and against the Commissioner in the amount of $4344.81 in attorney's fees.

**Ordered** in Jacksonville, Florida, on December 29, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of Record